UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SCOTT SOURS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-441-JCH |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was filed jointly by two prisoners confined at the Eastern Reception, Diagnostic and Correctional Center: William Scott Sours, and Eugene V. LaMartina. They bring this action under 42 U.S.C. § 1983 against the Director of the Missouri Department of Corrections, the Missouri Secretary of State, and others, and they allege they are among a class of inmates whose inmate accounts are being wrongfully debited to satisfy intervention fees.

This Court does not permit prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *E.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). As multiple filing fees cannot be collected for one case filed by multiple plaintiffs, the PLRA's requirement that a prisoner pay the full fee would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners

to bring separate suits, rather than file jointly under Federal Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2011).

Additionally, courts have noted "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D. N.J. Feb. 19, 2009). As noted by the *Hagwood* Court:

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other courts] have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that coercion, subtle or not, frequently plays a role in relations between inmates.

*Id.* (quotations omitted).

Finally, permitting joinder of prisoners' claims would allow prisoners to avoid the risk of incurring strikes as defined in 28 U.S.C. § 1915(g) so long as another prisoner's claim is viable, as a strike is incurred only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** plaintiff Eugene V. LaMartina from this action.

**IT IS FURTHER ORDERED** that the Clerk shall open a new prisoner civil rights action for Eugene V. LaMartina using the complaint filed in the instant case.

**IT IS FURTHER ORDERED** that, in the new action, the Clerk shall file the following documents: Eugene V. LaMartina's motion for leave to proceed *in forma pauperis* (Doc. 4), his certified inmate account statement (Doc. 5), and a copy of this Memorandum and Order.

Dated this____5th____ day of March, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE