UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SCOTT SOURS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-441-JCH |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff William Scott Sours, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.86. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $14.33, and an average monthly balance of $7.22. The Court will therefore assess an initial partial filing fee of $2.86, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429

U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Missouri Secretary of State, the Director of the Missouri Department of Corrections ("MODOC"), and four MODOC employees.[1] Plaintiff sues the defendants in their official and individual capacities. He alleges as follows.

Plaintiff is in a class of prisoners who owe Intervention Fees to the Missouri Division of Probation and Parole. "The defendants" have rules and policies via which they collect those fees from the prisoners' trust accounts. Plaintiff alleges that "the plaintiffs" possess a protected property interest in their accounts, and that "the defendants" have violated their due process rights by not allowing them to contest erroneous assessments of such fees. Plaintiff also states the prison grievance process is inadequate, and that indigent inmates are not given free items and

---

[1] Plaintiff initially brought this action along with one Eugene V. LaMartina. On April 5, 2019, this Court severed Mr. Martina from this action, and directed the Clerk to open a new case for him. (Docket No. 6). Presently pending in this case is Mr. Martina's motion for leave to proceed *in forma pauperis*. Because Mr. Martina is not a party to this action, that motion will be denied as moot.

services such as hygiene supplies, writing supplies, and postage. Plaintiff states that the Missouri Secretary of State is liable because he is responsible for validating the rules promulgated by the defendants. He states that the MODOC defendants are liable because they have denied inmates a meaningful post-deprivation remedy. Plaintiff seeks declaratory and monetary relief.

**Discussion**

This action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff obviously intends to bring this action on behalf of himself and other ERDCC inmates. This is impermissible. While federal law authorizes plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. Further, plaintiff does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

Plaintiff also fails to allege facts showing that he was personally affected by any defendant's alleged wrongdoing. Instead, he complains generally about the debiting of inmate accounts, and the alleged inadequacy of the prison grievance procedure. This is insufficient, as plaintiff is required to allege a personal loss. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Finally, plaintiff fails to allege sufficient facts showing how each named defendant was personally involved in or directly responsible for a specific violation of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin*, 780 F.2d at 1338. Claims sounding in *respondeat superior* are not cognizable under §

1983.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Because plaintiff is proceeding *pro se*, the Court will allow him to amend his complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $2.86. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Mr. Eugene V. LaMartina's motion for leave to proceed *in forma pauperis* (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this _____5th_____ day of April, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE