UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM SCOTT SOURS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-441-JCH |
| ANNE L. PRECYTHE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff William Scott Sours's amended complaint. For the reasons explained below, this action will be dismissed, without prejudice.

### Background

Plaintiff is presently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He is proceeding herein pro se and in forma pauperis. He initiated this action on March 11, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against the Missouri Secretary of State and officials from the Missouri Department of Corrections ("MDOC"). He filed the action jointly with another prisoner named Eugene V. LaMartina, and together they proceeded to set forth claims on behalf of themselves and other inmates. On April 5, 2019, the Court entered an order severing LaMartina from the case, and directing plaintiff to file an amended complaint to set forth his own claims for relief. Plaintiff complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Anne Precythe (Director of the MDOC), John Ashcroft (Secretary of State for the State of Missouri),

Alana Boyles (MDOC's Director of Adult Institutions), Cindy Griffith (Zone Director for MDOC), Stanley Payne (Warden of the ERDCC), Gil Long (MDOC's Offender Finance Officer), and John Doe. He sues the defendants in their official and individual capacities.

Plaintiff alleges that parole intervention fees were erroneously assessed against him and debited from his inmate trust account.[1] He alleges the events giving rise to his claims occurred when he was confined at two different MDOC facilities. He alleges that the facilities had a grievance procedure, but it did not cover his claims. He alleges he filed a grievance at the facilities in which he claimed he was exempt from the fees because he was not on parole during the times he was charged. He alleges he received responses stating that "intervention fees was not a grievable issue and I could not pursue this through the prison grievance procedure." (Docket No. 8 at 11).

Plaintiff alleges that Precythe, as the Director of the MDOC, is directly responsible for all policies, rules and customs, and

> has therefore shown a deliberate indifference to the Plaintiff's due process rights in avoiding an erroneous assessment of parole intervention fees against Plaintiff's inmate trust fund account which has caused the defendants of the Missouri Department of Corrections to have and continue to take money from the Plaintiff without providing a means to contest these erroneous assessments through the prison grievance system.

*Id.* at 3, 6. Plaintiff alleges that Secretary of State Ashcroft is responsible for validating MDOC's rules and policies, and is therefore liable for the other defendants' failure to allow plaintiff a means to contest erroneous assessments through the prison grievance system. He alleges he told Boyles, Griffiths, Payne, and Long that erroneous parole intervention fees were

---

[1] Under Mo. Rev. Stat. § 217.690.3, the Missouri Board of Probation and Parole ("Parole Board") has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed on probation, parole or conditional release. The fee is unrelated to the underlying conviction, and does not change its effect. *Jackson v. Mo. Bd. of Prob. & Parole*, 301 S.W.3d 71, 72 (Mo. banc 2010). Instead, "[i]t is a fee for ... services rendered." *Id.*

2

being debited from his account and he was not provided a means to contest the erroneous assessments through the prison's grievance system. He also states that "the Defendants" are liable to him because they did not "provide Plaintiff with indigent legal supplies to be able to have access to the courts." *Id.* at 7-8. After setting forth the foregoing, plaintiff wrote: "Plaintiff herein alleges that the prison grievance program is inadequate to address erroneous assessments to his inmate trust fund account and it is futile to pursue because the Defendants claim intervention (parole) fees and the collection thereof is not a grievable matter." *Id.* at 8.

As relief, plaintiff asks the Court to: "[i]ssue a declaratory judgment stating that: The taking of the Plaintiff's money from his inmate trust fund account for parole intervention fees without allowing the Plaintiff to contest erroneous assessments through the prison grievance system violates the Due Process Clause of the United States Constitution." *Id.* at 10. Plaintiff also asks the Court to order the defendants to return his money, and award him compensatory and punitive damages, fees, and costs.

**Missouri State Court Case**

Review of public records published on Missouri Case.net shows that plaintiff filed a petition for declaratory relief against the MDOC in the Cole County Circuit Court in October of 2016. *Sours v. Missouri Department of Corrections, Division of Adult Institutions,* No. 16AC-CC00433 (19th Jud. Cir. 2016). In his Request for Declaratory Judgment, he averred he was granted parole in December of 2004, but in October of 2014 he was returned to the MDOC on a parole violation, and parole intervention fees were being debited from his inmate account. He acknowledged that Mo. Rev. Stat. § 217.690 allowed the Parole Board to assess parole intervention fees, but argued that his due process rights were violated when the MDOC debited his inmate account to satisfy those fees. The MDOC filed a motion to dismiss, which the court

granted. The Missouri state court record does not include a written opinion setting forth the basis for the court's decision. Plaintiff appealed, but the appeal was dismissed. *See Sours v. Missouri Department of Corrections, Division of Adult Institutions,* No. WD80630 (Mo. Ct. App. 2017). This Court takes judicial notice of these Missouri State Court records, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

## Discussion[2]

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes this action must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Prisoners have a First Amendment right to seek redress pursuant to established grievance procedures. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *see also Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010). However, in the case at bar, plaintiff does not allege he was prevented from filing grievances, or subjected to retaliation or discipline for doing so. Instead, plaintiff claims the prison grievance system is inadequate to address erroneous parole intervention fee assessments to his inmate account, and that the defendants violated his due process rights by not providing a means for him to grieve

---

[2] Plaintiff fails to specify when he discovered the alleged inadequacy of the prison grievance system. Missouri's five-year statute of limitations for personal injury actions applies to plaintiff's § 1983 claims. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (citation omitted). Here, based upon the information contained in the Missouri state court record summarized above, it appears that the earliest date the fees could have been debited from plaintiff's inmate account was on or after October of 2014, when plaintiff returned to the MDOC after violating his parole. He would necessarily have discovered the alleged inadequacy of the prison grievance system after that date. Plaintiff filed the instant action on March 11, 2019, fewer than five years after October of 2014. The Court will therefore presume for purposes of this discussion that this action is timely.

4

that issue through the prison grievance system. These allegations do not establish the violation of a right secured by the Constitution or laws of the United States. Prisoners have no federally-protected right to a particular grievance system, or to have prison officials entertain their grievances. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). A prison grievance system "is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Id.* (internal quotation omitted); *see also Flick v. Alba,* 932 F.2d 728 (8th Cir. 1991). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick*, 932 F.2d 728. Therefore, to the extent plaintiff's claims against any defendant are premised upon this alleged inadequacy of the prison grievance system, plaintiff fails to establish the violation of a federally-protected right and therefore fails to state a viable § 1983 claim.

To the extent plaintiff can be understood to proceed against any defendant on the theory that his due process rights were violated by the erroneous assessment of the fees, such claims fail. First, nothing in the amended complaint can be construed as alleging that any named defendant was directly involved in or personally responsible for assessing or calculating the parole intervention fees plaintiff owed. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Additionally, in *Jackson v. Chairman and Members of Missouri Bd. Of Probation and Parole,* No. 4:10-cv-104-CDP, 2010 WL 5070722, *5, *6 (E.D. Mo. Dec. 7, 2010), this United States District Court ruled that the imposition of parole intervention fees did not violate the plaintiff's due process rights. In reaching that determination, the Court

5

recognized that while the plaintiff had an interest in avoiding an erroneous fee assessment, if he believed he was exempt from the fee he could either speak to his parole officer or request a waiver from the Parole Board under 14 C.S.R. 80-5.020(1)(H). That decision was affirmed on appeal. *Jackson v. Chairman and Members of Missouri Bd. Of Probation and Parole*, No. 11-1054 (8th Cir. 2011). Likewise, in the case at bar, plaintiff would have the same access under 14 C.S.R. 80-5.020(1)(H) to notify the Parole Board of any erroneous fee assessments. Nowhere in the amended complaint does plaintiff allege he was prevented from notifying the proper authorities of any erroneous assessments.

Plaintiff also claims "the Defendants" are liable to him because they did not give him "indigent legal supplies to be able to have access to the courts." (Docket No. 8 at 8). These allegations fail to state a viable First Amendment claim. A prisoner asserting a claim of violation of his First Amendment right of access to the courts must establish an "actual injury" in order to prevail on a § 1983 claim premised on that right. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. *Id.* "Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative." *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008). Here, plaintiff alleges nothing tending to demonstrate he suffered an actual injury, as required to state a claim

premised upon his First Amendment right of access to the courts. Instead, he offers only the conclusory statement that he was denied access to the courts. The Court is not bound to accept this allegation as true, as it is simply the sort of "naked assertion devoid of further factual enhancement" that the Supreme Court has found deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while the "court must accept allegations of fact as true … the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Finally, plaintiff simply refers to the defendants collectively and concludes they violated his rights, despite this Court's prior instruction that he was required to allege facts showing how each defendant contributed to the alleged constitutional violation. *See Madewell,* 909 F.2d at 1208.

After carefully reading the amended complaint and giving it the benefit of a liberal construction, the Court concludes that it should be dismissed because it is frivolous and/or fails to state a claim upon which relief may be granted. Plaintiff obviously prepared the amended complaint in a careful and thoughtful manner, and is clear about the claims he wishes to assert. It is therefore apparent that the problems with the amended complaint would not be cured by permitting plaintiff to file an amended pleading. Therefore, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of July, 2019.

                                          /s/ Jean C. Hamilton
                                          JEAN C. HAMILTON
                                          UNITED STATES DISTRICT JUDGE